## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

BARRY C. McANARNEY, as he is EXECUTIVE
DIRECTOR, MASSACHUSETTS LABORERS' HEALTH
AND WELFARE FUND, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LABORERS'
ANNUITY FUND; JAMES V. MERLONI, JR., as he is
ADMINISTRATOR, NEW ENGLAND LABORERS'
TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he
is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL
SERVICES FUND,                                                                    C.A. No.
                            Plaintiffs,

                    vs.

R.M. TECHNOLOGIES, INC.,
                            Defendant.

---

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C.

§185, by employee benefit plans to enforce the obligations to make contributions and pay

interest due to the plans under the terms of a collective bargaining agreement and the plans and

to submit to an audit as required by the collective bargaining agreement and the plans..

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f)

of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the

LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Barry C. McAnarney is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund.  The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

4.      Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Pension Fund.  The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.      Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Annuity Fund.  The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  This Fund is a defined contribution fund.  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.      Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund.  The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains

apprentices and journey workers in the construction industry.  The Fund is administered at 37

East Street, Hopkinton, Massachusetts, within this judicial district.

7.      Plaintiff Joseph Bonfiglio is a Trustee of the Massachusetts Laborers' Legal

Services Fund.  The Massachusetts Laborers' Legal Services Fund is an "employee welfare

benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is

administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8.      The Health and Welfare, Pension, Annuity, Training and Legal Services Funds

are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They

are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of

the collective bargaining agreement between Defendant R.M. Technologies, Inc. ("R.M.") and

the Massachusetts Laborers' District Council ("Union").

9.      Defendant R.M. is a Massachusetts corporation with a principal place of business

at 33 Franklin Street, 2nd Floor, Lawrence, Massachusetts, and is an employer engaged in

commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and

within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10.      On or about March 11, 2002, R.M. agreed in writing to be bound to the terms of

the Acceptance of Agreement(s) and Declarations of Trust establishing Plaintiff Funds, to the

terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any

successor agreements.  A true and accurate copy of R.M.'s signed Acceptance of Agreement(s)

and Declarations of Trust ("Acceptance of Agreements") is attached hereto as Exhibit A.

11.      Because of the Acceptance of Agreements, R.M. is party to the Building and Site

Construction Agreement between the Union and the Associated General Contractors Association

of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern

Massachusetts, Inc. (the "CBA"), as well as the collective bargaining agreements between the

Union and the General Contractors' Association of Pittsfield, Massachusetts, Inc. and between

the Union and the Construction Industries Association of Western Massachusetts, Inc.  All of the

agreements' terms that are relevant to this case are materially the same as those contained in the

CBA.  The most recent version of the CBA, which is effective from June 2016 through May

2020, has not yet been printed.  However, the relevant terms of the 2016 - 2020 CBA are the

same as those of the 2012 - 2016 CBA.  A copy of the relevant pages of the 2012-2016 CBA is

attached hereto as Exhibit B.

      12.     The CBA requires employers to make contributions to each of the Plaintiff Funds

for each hour worked by covered employees at rates prescribed therein.  <u>See</u> Ex. B, pp. 25-30,

49.

      13.     The CBA also requires employers to remit contributions to the New England

Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation

Trust Fund, the Massachusetts Construction Advancement Program and the Massachusetts

Laborers' Unified Trust for each hour worked by covered employees at prescribed rates.

Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall

be deducted from the pay of each employee and forwarded to the Funds.  <u>Id.</u> at 21-23, 26-27, 31-

33.  The Funds and the Union have an agreement which allows the Funds to collect the dues on

behalf of the Union.

      14.     All employers that are delinquent in the payment of contributions are charged

interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the

amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency.  See Ex. B, pp. 34-35.

15.     Signatory contractors such as R.M. are obligated to submit remittance reports on a monthly basis, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records.

16.     R.M. has failed to remit contributions and reports for work performed in April, May, June and July 2016.  R.M. also owes $71.98 in underpaid contributions and $236.01 in interest on previous late payments.  Furthermore, it has failed and refused to submit to an audit of its books and records despite demands, from the Funds and their counsel, that it do so.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

17.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 16 above.

18.     The failure of R.M. to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

19.     Absent an order from this Court, R.M. will continue to ignore its obligations to remit the contributions it owes to the Funds and to submit to an audit.

20.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES

21.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 above.

22.     The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

23.     The failure of R.M. to pay the contributions and dues and submit reports it owes for the months of April, May, June and July 2016, to pay the $71.98 in underpaid contributions and $236.01 in interest on late-paid contributions, and to submit to an audit of its books and records violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.     Order the attachment of the machinery, inventory and accounts receivable of R.M.;

b.     Order R.M. to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

c.     Enter a preliminary and permanent injunction enjoining R.M. from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

d.     Enter a preliminary and permanent injunction enjoining R.M. from refusing or failing to pay contributions, dues and interest owed to the Funds;

e.      Enter judgment in favor of the Funds on Count I in the amount of all contributions

due for the months of April through July 2016, plus any additional amounts determined by the

Court to be owed to the Funds or which may become due during the pendency of this action,

together with interest on the unpaid contributions at 10 percent per annum, liquidated damages in

an amount equal to 20 percent of the total of unpaid contributions or the total interest owed,

whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

f.      Enter judgment in favor of the Funds on Count II in the amount of all

contributions and dues due for the months of April through July 2016 plus the $71.98 in

underpaid contributions and $236.01 in interest on late-paid contributions, and any additional

amounts determined by the Court to be owed to the Funds or which may become due during the

pendency of this action; and

g.      Such further and other relief as this Court may deem appropriate.

<div style="margin-left: 50%;">

Respectfully submitted,

BARRY C. McANARNEY, as he is
EXECUTIVE DIRECTOR,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, *et al*.,

By their attorneys,

/s/ Anne R. Sills
Anne R. Sills, Esquire
BBO #546576
Alexander Sugerman-Brozan, Esquire
BBO #650980
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA  02109
(617) 742-0208, Ext. 232
asills@segalroitman.com

</div>

Dated:  August 24, 2016

## VERIFICATION

I, James V. Morgan, Assistant Executive Director for the Massachusetts Laborers' Health and Welfare, Pension, and Annuity Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 24TH DAY OF

AUGUST, 2016.

_____
James V. Morgan

ARS/asb,ars&ts
6306 16-286/complt.doc

8